PASCASIO MUÑOZ LAMBERTY, peticionario y apelante, *v.* VIRGILIO RAMOS, en su carácter de Presidente de la Asociación de Fondo de Ahorro y Préstamos de los Empleados del Gobierno Insular, recurrido y apelado.

No. 4443.—*Sometido:* Marzo 16, 1928. *Resuelto:* Abril 3, 1929.

*Pascasio Fajardo Martínez,* abogado del apelante; *Attorney General Interino J. A. López Acosta* y *Felipe Janer, Sub-Procurador,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Para los fines de esta opinión, se admite que la Junta de Directores de la asociación demandada ejerce una discreción cuasi-judicial al considerar la solicitud de un empleado del Gobierno Insular que ha presentado la renuncia de su cargo por una alegada incapacidad física permanente. Véanse las secciones 1, 5 y 19 de la Ley No. 52, aprobada el 11 de julio de 1921, y la sección 20 de la misma, según fué enmendada en 1925, leyes de ese año, página 767.

La sección 20 dispone que en caso de inutilidad permanente, un miembro de la asociación tendrá derecho al seguro, y prescribe que será deber del Presidente notificarlo

a ciertos jefes de departamentos y a otros funcionarios insulares.

Presentada una solicitud por el aquí apelante, Pascasio Muñoz Lamberty, la corte de distrito dictó una orden para mostrar causas por las cuales no debía expedirse un auto de *mandamus* para obligar al Presidente de la Asociación Fondo de Ahorro y Préstamos a hacer la notificación a que se hace referencia en el párrafo anterior.

El Presidente compareció y excepcionó la petición por el fundamento de no aducir hechos suficientes que justificaran la expedición del auto. El juez de distrito sostuvo la excepción previa por no contener la solicitud la alegación de que la Junta de Directores había hallado que el peticionario estaba permanentemente inhabilitado, o que la Junta había abusado de su discreción al rechazar la reclamación.

Posteriormente, la corte sostuvo una excepción oral a la tercera petición enmendada y desestimó la acción.

La tercera petición enmendada alega, entre otras cosas, que para la época en que presentó su renuncia, el peticionario estaba inhabilitado para desempeñar sus funciones, a consecuencia de asma crónica bronquial, catarata incipiente y una hernia que se hizo inoperable debido a la avanzada edad del peticionario; que todas estas dolencias sobrevinieron mientras el peticionario estaba en servicio activo y fueron la única causa de su renuncia, fundada en incapacidad física permanente; que tan pronto como dicha renuncia tuvo efecto, el peticionario preparó y presentó a la Asociación Fondo de Ahorro y Préstamos una reclamación escrita basada en su inhabilidad para desempeñar las funciones de cualquier cargo, debido a estas enfermedades; que esta solicitud iba acompañada de certificaciones médicas demostrativas de que el peticionario estaba imposibilitado permanentemente para desempeñar trabajo alguno; que el peticionario solicitó de dicha Asociación Fondo de Ahorro y Préstamos, por conducto de su Presidente, que hiciera la notificación estatutoria (aquí la petición sigue la fraseología de la

sección 20, *supra*); que la indicada asociación, por medio de su Junta de Directores, se negó enfáticamente a dar curso a la reclamación del peticionario y declaró que éste no estaba inutilizado, habiendo tenido ante sí prueba de su imposibilidad física permanente, fuera de duda razonable, acreditada con las certificaciones médicas presentadas a ese efecto; y que rechazar la reclamación del peticionario era injusto y equivalía a un claro abuso de discreción, cometido con el único y preconcebido fin de perjudicar el derecho que debido a su inutilidad física le confiere la ley al peticionario.

Los abogados del apelado no se basan en la distinción que pudiera hacerse entre la exposición de hechos fundamentales y la alegación de meras conclusiones de derecho en la petición. Fuera del hecho de que se sostuvo una excepción previa oral, nada hay que demuestre que el juez de distrito tuvo en mente tal cuestión. Dentro de las circunstancias, estamos dispuestos a darle al apelante el beneficio de cualquier duda respecto a este extremo.

Considerando la petición por lo que de su propia faz aparece, los hechos en ella expuestos y admitidos por la excepción previa demuestran un abuso de discreción de parte de la Junta de Directores. En verdad, los hechos revelan una reclamación justa de parte del peticionario contra la asociación, y una denegación inexplicada de esa reclamación por parte de la Junta de Directores. Tal demostración es suficiente para justificar la expedición de un auto preliminar, de acuerdo con la doctrina sentada en el caso de *Tirado* v. *Junta de Retiro,* 38 D.P.R. 1002.

En tanto en cuanto aquella decisión se basó en la sección 1329 de los Estatutos Revisados, según fué interpretada por la mayoría de este Tribunal, el razonamiento de la opinión es igualmente aplicable a los hechos del presente caso. El Juez Presidente Sr. del Toro y el que suscribe no encuentran en la sección 1329 evidencia satisfactoria alguna de la intención de abolir cualquiera de los principios y reglas establecidos que gobiernan la expedición del auto de *manda-*

*mus.* No es necesario elaborar aquí criterios individuales sobre la materia. Si puede justificarse por otros motivos la expedición de un auto de *mandamus* en este caso, cualquiera diferencia de criterio respecto al efecto que debe dársele a la sección 1329 de los Estatutos Revisados llega a ser una cuestión de poca monta, para los fines de esta opinión.

 Las fórmulas estereotipadas siguen los senderos que ofrecen menor resistencia. La regla general de que la discreción judicial no puede ser revisada o regulada por medio de *mandamus,* como la mayoría de las reglas generales, no carece de excepciones. Frecuentemente, la cuestión es si la intención de la ley es que la actuación de una corte inferior o de una junta sea final. Esto es especialmente así cuando la determinación de algunas cuestiones que requieren el ejercicio de criterio y discreción, se hace necesaria como un paso preliminar al cumplimiento de un deber ministerial. Lo cierto es que los tribunales superiores, al ejercer su propia y sana discreción en el uso de este recurso flexible, revisan y regulan hasta cierto punto la discreción de juntas y tribunales inferiores, aun ''en casos en que el deber es tal que necesariamente requiere el examen de evidencia y la decisión de cuestiones de derecho y de hecho'' (38 C.J. 598, pár. 73), siempre que tales cuestiones no sean complicadas, sino sencillas y libres de duda razonable, y siempre que haya el propósito de que la determinación de las mismas por la junta o tribunal inferior no sea final. Todo caso que se encuentre en la línea divisoria debe resistir o caer sobre su propia base.

Al considerar la cuestión de inutilidad permanente, la Junta de Directores de la Asociación Fondo de Ahorro y Préstamos no se confrontaba con ningún problema de hermenéutica, como acontecía con la Junta de Retiro en el caso de Tirado. En el caso de Tirado, la única cuestión envuelta era una de interpretación estatutoria. No había controversia sobre los hechos. Aquí, la única cuestión ante la Junta

de Directores, y la única que fué decidida por ella, fué la de incapacidad física permanente. La junta dió por sentado su poder para determinar esa cuestión, y para los fines de esta opinión, admitimos al principio que tenía esa facultad. Si la decisión de la junta debe o no ser considerada como una determinación final de la cuestión resuelta, es otra cosa.

La ley no confiere a la Junta de Directores facultad alguna para citar testigos, tomar juramentos o tomar declaraciones. No dispone expresamente que la junta determinará la cuestión de inutilidad física permanente. Cualquier facultad que tuviere la junta para considerar esa cuestión, debe derivarse por mera inferencia de la necesidad de que se estudie, y apruebe o rechace cada reclamación presentada, del hecho de que la Junta de Directores es el cuerpo directivo de la asociación, y de la circunstancia adicional de que la junta tiene el poder de formular reglamentos razonables para darle efecto a la ley.

■■ La ley impone al Presidente de la asociación, y no a la Junta de Directores, un claro deber ministerial. La responsabilidad por cualquier omisión o por dejarse de cumplir ese deber descansa sobre los hombros del Presidente, y no sobre la Junta de Directores. Ni siquiera dice la ley en tales o cuales palabras que el Presidente estudiará la reclamación o se convencerá de la veracidad de cualquier extremo alegado por el peticionario, antes de notificar a los jefes de departamento o a otros ejecutivos del Gobierno Insular. Cualquiera discreción que tenga, surge por inferencia. Si ha ocurrido o no el fallecimiento de un miembro, o si un miembro se ha inutilizado permanentemente, no es una cuestión complicada. Su determinación no demanda el ejercicio de un alto grado de criterio o habilidad. Es puramente preliminar al desempeño de un acto ministerial. Si el Presidente tiene dudas respecto a si una reclamación es o no justa, podría hacer que el reclamante acudiera al recurso de *mandamus*, pero no estamos preparados para decir que una corte deba entonces negar un auto alternativo fundándose en la

teoría de que se tuvo la intención de que fuera final una decisión adversa dictada por el Presidente.

De suerte que el Presidente puede endosar la reclamación a la Junta de Directores para que ésta la investigue y rinda un informe, y entonces adoptar como suya la conclusión a que llegue la junta. Pero no hay disposición estatutoria alguna para tal endoso y conclusión. Y mucho menos hay indicación alguna al efecto de que una decisión adversa de la junta será obligatoria para el Presidente o para el reclamante. Si el Presidente adopta la conclusión a que ha llegado la junta, esa conclusión se convierte en la suya propia, y no puede esquivar el peso de la responsabilidad basándose en la indicación de que las actuaciones de la junta son concluyentes, en ausencia de algo que evidencia la intención legislativa a ese efecto.

Tal vez sea superfluo añadir que, después de un juicio sobre los méritos del caso, la corte inferior no debe alterar la conclusión a que lleguen la junta y el Presidente, en ausencia de un error manifiesto al apreciar la evidencia sometídales en apoyo de la reclamación.

*Debe revocarse la sentencia apelada y devolverse el caso* para ulteriores procedimientos no incompatibles con esta opinión.