José J. Acosta y Acosta, demandante y apelante, *v.* Junta de Retiro de los Funcionarios y Empleados del Gobierno Insular de Puerto Rico, compuesta de los Hons. Manuel V. Domenech, Charles H. Terry, Dr. A. Fernós Isern, José G. López y Juan N. Herrero, demandada y apelada.

No. 5453.—*Sometido:* Marzo 19, 1931. *Resuelto:* Julio 31, 1931.

*Juan B. Soto,* abogado del apelante; *Attorney General James R. Beverley* y *R. Cordovés Arana, Subprocurador,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

José J. Acosta solicitó pensión al amparo de la sección 9 de la ley. Su petición fué radicada más de año y medio después de haber expirado su término como fiscal de distrito. La junta de retiro rehusó concederle una pensión porque él no estaba en servicio activo al tiempo de su solicitud. La corte de distrito declaró sin lugar una petición de *mandamus.*

Las seciones 3 y 9 de la Ley de Pensiones (Leyes de 1925, pág. 951 y 957) leen en parte así:

"Sección 3.—El retiro se concederá como renta vitalicia, por razón de edad, por inhabilidad física del funcionario o empleado o por el número de años de servicios prestados, de. acuerdo con las siguientes reglas, . . . . *Disponiéndose,* que no tendrán derecho a pensión alguna aquellas personas que no estuvieren en servicio activo en la fecha en que soliciten su pensión."

"Sección 9.—Si un funcionario o empleado de cuarenta o más años de edad, a quien esta Ley sea aplicable, después de haber servido por un período total no menor de quince años y antes de tener derecho al retiro, fuere separado involuntariamente por cualquier motivo, excepto destitución, del servicio civil clasificado o no clasificado tendrá derecho a una pensión vitalicia . . . . "

El argumento del apelante es, en síntesis, que el requisito del *disponiéndose* de la sección 3 no es aplicable a casos que surjan bajo la sección 9, porque el derecho a una pensión en caso de separación involuntaria del servicio del gobierno sólo proviene después de tal separación. Es proverbial que, por regla general, "los acontecimientos venideros proyectan antes sus sombras." Los funcionarios públicos usualmente continúan en servicio activo, o pueden hacerlo, aun después de expirar su término y hasta que un sucesor ha sido nombrado y tomado posesión. Si el caso de un fiscal de distrito fuera una excepción a esta regla general, lo sería por razón de la ley autorizando su nombramiento (sección 1285 de los Estatutos Revisados), y el peticionario sabía que "cesaría" en su cargo al cabo del término por el cual fué nombrado.

Tal vez habría sido más justo y razonable que no se le exigiera al candidato a reelección que desee solicitar pensión en caso de no lograr un nuevo nombramiento, que radique su solicitud de retiro antes de resolverse la cuestión de su nueva designación. Ésa, sin embargo, era y es una cuestión para la Legislatura, no para la junta de retiro, ni para los tribunales. La Ley no prohibe el que se presente una solicitud antes de ocurrir la separación involuntaria y en anticipación a ella. Por el contrario, el *disponiéndose* de la sección 3, a falta de una clara indicación de la intención legislativa en la sección 9 de establecer una regla diferente en casos de separación involuntaria, significa que en tales casos la solicitud debe hacerse antes de la separación real del servicio, a fin de que la junta pueda actuar sobre la misma

cuando llegue el momento. En otras palabras, es una condición previa para la concesión del retiro de conformidad con la sección 9 que el solicitante haya sido separado del servicio, pero por los claros términos del *disponiéndose,* también es una condición previa el que esté en servicio activo al tiempo de hacer la solicitud. Estas dos condiciones no son necesariamente incompatibles. Puede y debe darse efecto a ambas.

*Debe confirmarse la sentencia apelada.*

Los Jueces Sres. Presidente del Toro y Asociado Texidor no intervinieron.