Emilio Feliciano, demandante y apelado, *v.* José G. López, Presidente de la Asociación Fondo de Ahorro y Préstamo de los Empleados del Gobierno Insular de Puerto Rico, demandado y apelante.

No. 6187.—*Sometido:* Febrero 8, 1933. *Resuelto:* Abril 28, 1933.

938

*J. Henri Brown, C. Ruiz Nazario, G. E. González* y *G. Benítez Gautier*, abogados del apelante; *Martínez Nadal & Martínez Rivera*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En primero de febrero de 1932 Emilio Feliciano, policía insular acogido desde el año 1925 a los beneficios de la Ley No. 52 de 11 de julio de 1921 (p. 375), fué notificado por el jefe del distrito de que había recibido un telegrama del cuartel de la Policía Insular en que se le comunicaba que se había decretado su retiro para tener efecto inmediatamente. Desde entonces el demandante quedó retirado del servicio. En 4 de febrero de 1932 la Comisión de la Policía Insular notificó a la Asociación Fondo de Ahorro y Préstamo de los Empleados del Gobierno Insular de Puerto Rico que dicho policía había sido retirado. En 9 de febrero del mismo año los abogados Martínez Nadal y Martínez Rivera escribieron una carta a la Asociación mencionada solicitando de su presidente y junta de directores que de acuerdo con el artículo 20 de la Ley No. 52 de 1921 procediera a notificar a los Jefes de Oficinas y Departamentos del Gobierno Insular la incapacidad física del demandante y el hecho de haber éste cesado por tal motivo como empleado del Gobierno, para que dichos Jefes de Departamentos y Oficinas ordenaran que al hacerse las próximas nóminas fueran descontadas del sueldo de todos

y cada uno de los empleados de sus respectivos departa
mentos y oficinas acogidos a la ley creando la asociación, las
cantidades que en dicha ley se especifican, y para que el mon-
tante de las sumas así descontadas fuera satisfecho al de-
mandante en pago de su seguro por inutilidad física. El
presidente y la junta de directores se negaron a cumplir con
lo solicitado por el demandante, quien inmediatamente solicitó
la expedición de un auto de *mandamus* dirigido al presidente
de la Asociación Fondo de Ahorro y Préstamo de los Em-
pleados del Gobierno Insular de Puerto Rico, o a la junta
de directores de dicha Asociación, requiriéndoles para que
sin excusa ni pretexto alguno procediesen inmediatamente a
cumplir con el deber ministerial que les impone el artículo
20 de la ley antes citada. Se expidió por la Corte de Distrito
de San Juan un auto condicional de *mandamus* y sometido el
caso, dicha corte, en 15 de julio de 1932, decretó la expedi-
ción de un auto perentorio de *mandamus* dirigido al deman-
dado como presidente de la mencionada asociación para que
como tal cumpliese con el deber ejecutivo de notificar a los
Jefes de Oficinas y Departamentos del Gobierno Insular la
incapacidad física del postulante Emilio Feliciano, a fin de
que dichos Jefes de Oficinas y Departamentos actuasen de
conformidad con dicho aviso o notificación. Esta sentencia
fué apelada por el demandado, quien atribuye a la corte in-
ferior ocho errores.

Procederemos a examinar preferentemente los
errores tercero, cuarto y séptimo, que prácticamente en-
vuelven una misma cuestión y que están relacionados con los
demás errores, con excepción del sexto, que discutiremos en
otro lugar. Alega la parte demandada que:

"(3) La Corte de Distrito de San Juan erró al resolver que las
disposiciones del artículo 12 del Reglamento de la Asociación Fondo
de Ahorro y Préstamo de los Empleados del Gobierno Insular de
Puerto Rico no tienen que ser cumplidas directamente por el em-
pleado acogido a los beneficios de la Ley No. 52 de 11 de julio de
1921, según enmendada y vigente; sino por el departamento u oficina

en donde presta sus servicios el empleado; y al resolver asimismo que el deber del empleado, de acuerdo con dicho artículo 12, es suplementario o accesorio al deber del departamento u oficina en donde presta sus servicios el dicho empleado para el caso de que tal departamento u oficina no dé cumplimiento a las disposiciones de dicho artículo.

"(4) La Corte de Distrito de San Juan erró al resolver en su ameritada sentencia que el peticionario ya bien directamente, o ya bien por conducto del Jefe de la Policía Insular, cumplió con la condición precedente establecida por el artículo 12 de la Asociación Fondo de Ahorro y Préstamo de los Empleados del Gobierno Insular de Puerto Rico, que constituía un requisito previo para que el peticionario tuviera derecho a reclamar el pago de su seguro.

"(7) La Corte de Distrito de San Juan en su ameritada sentencia erró al declarar que una declaración de incapacidad hecha por cualquier oficina o Junta del Gobierno Insular de Puerto Rico a favor de cualquier empleado sometido a las disposiciones de la Ley No. 52 de 11 de julio de 1921, según enmendada y vigente, es obligatoria para la Junta Directiva y para el Presidente de la Asociación a los efectos del cumplimiento de la sección 20 de dicha ley, sin que sea necesario alegar y probar tal incapacidad ante dicha Junta Directiva independientemente de cualquier incapacidad declarada por dicha otra Junta o Departamento del Gobierno."

Copiamos a continuación las conclusiones de la corte inferior que sirven de base al señalamiento de estos errores:

"Se alega por la parte demandada que el artículo 12 del reglamento impone al peticionario un deber a cumplir, el que ha sido ignorado por éste. Y al efecto copia en su contestación dicho artículo 12 que dice así:

" 'Todo miembro de la Asociación en activo servicio público que alegue haber quedado inutilizado permanentemente para el desempeño de sus funciones por virtud de un accidente o enfermedad, enviará su solicitud a la Junta de Directores, exponiendo los hechos del caso, acompañando a dicha solicitud una certificación médica jurada de la cual aparezca dicha inutilidad permanente, si tal fuere el caso.'

"En efecto, no alega el peticionario haber cumplido con este artículo del reglamento; pero tal requisito del reglamento es sólo suplementario para en caso de que no lo haga el departamento u oficina en donde prestaba sus servicios el funcionario declarado físicamente incapaz. En este caso, y a virtud de lo alegado en la contestación, " '. . . . el demandado admite que la separación del servicio del

demandante fué notificada a la Asociación Fondo de Ahorro y Préstamo de los Empleados del Gobierno Insular de Puerto Rico por el departamento de la Policía Insular . . .'

"Y más adelante, en el mismo párrafo, alega el demandado:

" 'Que el demandante dejó de ser empleado, en activo servicio público, del Gobierno Insular de Puerto Rico el día primero de febrero de 1932. Que tal hecho fué notificado a la Asociación . . . por la oficina del Jefe de la Policía Insular, y no por el peticionario, el día 4 de febrero de 1932. Que después de haber quedado cesante *sic* el empleado, o sea el 9 de febrero de 1932, . . . se dirigió al Presidente . . . solicitando el pago de su seguro . . .'

"De suerte que aceptados estos hechos tenemos que llegar a las siguientes conclusiones: (1) que el empleado fué separado del servicio por causa de incapacidad física; (2) que el aviso le fué dado a la Asociación por el Jefe de la Policía Insular; y (3) que no obstante ello, el peticionario reiteró su solicitud de retiro que ya había sido hecha por el Jefe de la Policía Insular."

A juicio de la corte sentenciadora la notificación por la oficina del Jefe de la Policía Insular a la Asociación mencionada de que el demandante fué separado del servicio por incapacidad física es bastante para que el Presidente esté obligado a notificar el hecho a los Jefes de Oficinas y Departamentos, a fin de que éstos ordenen los descuentos de rigor. El presidente de la Asociación, según la corte inferior, no puede impugnar, investigar o cuestionar el hecho de la incapacidad. Su deber es puramente ejecutivo y ministerial, sin que pueda ejercitar para su cumplimiento discreción alguna.

El demandado excepcionó la petición sobre la base de que la misma no aducía hechos suficientes para determinar una causa de acción y solicitó que fuese eliminada por inmaterial la alegación de que la separación del servicio activo del demandante fué notificada a la Asociación por el Departamento de la Policía Insular.

Hemos visto que después de notificada la Asociación por la oficina de la Policía, el demandante solicitó de dicha Asociación que diese cuenta de su incapacidad física y de su retiro a los Jefes de Oficinas y Departamentos, y que la Asociación se negó a hacerlo. El demandado alegó en su contestación,

entre otras cosas, que el demandante no cumplió con los preceptos de la sección 12 del reglamento ni suministró a la Asociación la solicitud y certificación médica jurada que dicho reglamento exige.

El deber que tiene todo Jefe de Oficina o Departamento de notificar a la junta de directores surge de la sección 6 de la Ley No. 52 de 1921, enmendada en 1927, que dice así:

"La Junta de Directores llevará un registro de todos los empleados del Gobierno Insular de Puerto Rico acogidos a los beneficios de esta Ley, anotando allí las altas y las bajas por nombramiento, defunciones o cesantías.

"Todo jefe de oficina o Departamento Insular que por ley tenga la obligación de certificar las nóminas de los empleados de su oficina o departamento, dará cuenta a la Junta de Directores cada vez que ocurra un nombramiento, defunción, renuncia o separación de un empleado y cuando concediere a un empleado licencias con sueldo adelantado deberá hacer constar en la nómina correspondiente que el empleado no ha expresado su intención de renunciar al finalizar dicha licencia. En caso de que la intención del empleado fuera renunciar su cargo, será obligación de dicho jefe de departamento ordenar que se le descuente la cantidad necesaria para solventar cualquier deuda que tuviere con la Asociación de Empleados del Gobierno Insular de Puerto Rico."

La ley dispone que la junta de directores llevará un registro donde anotará las altas y las bajas por nombramientos, defunciones, y cesantías. Claro es que para cumplir con este requisito dicha junta de directores necesita tener conocimiento de las altas y las bajas y es por esta razón que la sección sexta dispone que los Jefes de Oficinas y Departamentos den cuenta de los nombramientos, defunciones y cesantías.

No existe en la ley precepto alguno que convierta a los Jefes de Oficinas y Departamentos en jueces definitivos de la incapacidad física a los efectos del cobro del seguro. Ciertamente no parece que sea ésta la intención del legislador. Por el contrario, la ley dice que la Asociación será gobernada por la junta de directores y autoriza a esta junta para

designar uno o más médicos que examinen a los empleados que soliciten el seguro por inutilidad física. Y es natural que así sea. Alguna autoridad debe tener esta junta para cerciorarse en un caso como el presente de si se trata o no de una incapacidad permanente.

El artículo 25 de la ley dispone que todo empleado de nuevo nombramiento deberá presentar una certificación médica jurada en el impreso que proporcionará la Asociación sobre su estado de salud, el cual deberá ser comprobado por un examen de uno o más médicos designados por la junta de directores. También serán sometidos al examen físico correspondiente aquellos socios que solicitaren el seguro por inutilidad física y aquellos que en cualquier tiempo solicitaren ser admitidos en la Asociación, disponiéndose que el Comisionado de Sanidad de Puerto Rico prestará a la Asociación su cooperación para llevar a efecto dichos examenes físicos, y facilitará todos los medios de diagnóstico tales como laboratorios, rayos X, etc., libre de todo costo.

Este artículo demuestra que es la junta la que designa los médicos que han de comprobar el estado de salud del empleado, cuando se trata de nuevos nombramientos. Al disponer la ley que también serán sometidos al examen físico correspondiente aquellos socios que solicitaren el seguro por inutilidad física, tácitamente está diciendo que debe seguirse el mismo procedimiento que para los empleados de nuevo nombramiento. El artículo 12 del reglamento no hace otra cosa que ajustarse a las disposiciones de la ley, cuando prescribe que los hechos del caso deben exponerse en la solicitud que dirija a la Asociación el empleado, acompañándola de una certificación médica jurada de la cual aparezca la inutilidad permanente. Esta junta, que designa los médicos que han de comprobar el estado de salud del empleado, tiene deberes que cumplir y uno de ellos es velar por que el empleado a quien se pague el seguro esté real y permanentemente incapacitado para el desempeño de sus funciones oficiales. Además de estas disposiciones de la sección 25, que

indican dónde radica la facultad de considerar estas solicitudes basadas en inutilidad física, entendemos, como se apunta en el caso de *Muñoz* v. *Ramos,* 39 D.P.R. 410, que dicha facultad surge de la necesidad de que se estudie y aprueba o rechace cada reclamación presentada, del hecho de que la junta de directores es el cuerpo directivo de la asociación y de la circunstancia adicional de que la junta tiene el poder de formular reglamentos razonables para darle efecto a la ley. No se ha probado en este caso que el demandante presentara una solicitud exponiendo los hechos, acompañándola de una certificación médica jurada, como se dispone en el reglamento. Lo único que hizo el demandante fué dirigirse por conducto de sus abogados a la Asociación solicitando que se comunicara su incapacidad física y su retiro a los Jefes de Oficinas y Departamentos del Gobierno Insular. No está el demandante en posición de pedir al presidente o a la junta de directores que lleve a cabo esta notificación, mientras no cumpla con los requisitos previos que prescriben la ley y su reglamento.

■ Se alega por el demandado que la corte inferior erró en su sentencia al resolver que el peticionario no supiera o no pudiera presumir, mientras estaba en activo servicio público, que él iba a ser declarado físicamente incapacitado para el servicio, y que al así actuar la Corte de Distrito de San Juan dejó de dar el debido alcance y eficacia legal a la resolución de esta corte dictada en el caso de *Acosta* v. *Junta de Retiro,* 42 D.P.R. 828. Este es el sexto de los errores señalados por el demandado.

De acuerdo con el artículo 19 de la ley "la junta directiva de la institución, una vez constituída, procederá a dictar las reglas y reglamentos que fueren necesarios para la aplicación de esta ley y dichas reglas y reglamentos tendrán fuerza de ley." El artículo 12 del reglamento dispone, entre otras cosas, que todo miembro de la asociación en activo servicio público, que alegue incapacidad permanente para el desempeño de sus funciones, por virtud de accidente o enfermedad,

enviará su solicitud a la junta. La parte demandada interpreta esta disposición en el sentido de que únicamente un miembro activo tiene derecho para presentar la solicitud, y cita en su abono el caso de *Acosta* v. *Junta de Retiro,* supra. En dicho caso se interpretan los artículos 3 y 9 de la ley de pensiones aprobada en 1925; ahora estamos interpretando un reglamento. La junta tiene poderes para dictar aquellas reglas y reglamentos razonables que fueren necesarios para la aplicación de la ley. No vemos nosotros la necesidad ni la razonabilidad de una disposición que priva a un empleado, súbitamente separado de su cargo, del derecho de presentar su solicitud, dentro de un tiempo razonable. En este caso el peticionario, si bien es cierto que en octubre de 1931 sufrió un ataque cardíaco y que permaneció algún tiempo disfrutando de licencia, no es menos cierto que retornó al desempeño de sus funciones como empleado y que estando en el cumplimiento de sus deberes, fué notificado por telégrafo de que había sido retirado del servicio. En estas condiciones, la equidad y la justicia demandan que se le dé una oportunidad para someter su prueba con respecto a la incapacidad alegada.

Según aparece de la estipulación de las partes ofrecida como prueba, la demandada admitió que el demandante fué retirado de su cargo dentro del cuerpo de la Policía Insular de Puerto Rico porque a juicio de dicha comisión y de sus médicos estaba incapacitado para el servicio. La sección 20 de la ley, enmendada en 1927, dispone que siempre que uno de los miembros de la Asociación se inutilice permanentemente para desempeñar sus funciones oficiales por virtud de accidente o enfermedad, tendrá derecho al seguro en la forma que en dicha sección se especifica. Ya dijimos antes que no existe en la ley precepto alguno que convierta a los Jefes de Oficinas o Departamentos en jueces definitivos de la incapacidad física, y debemos añadir que la ley habla de inutilidad permanente y que lo único que se ha probado en este caso es que el demandante fué separado de su cargo porque

a juicio de la Comisión de la Policía y de sus médicos estaba incapacitado para el servicio, sin que se diga si esta incapacidad es permanente o no.

*Debe revocarse la sentencia apelada y declararse sin lugar la petición de mandamus, sin especial condenación de costas.*

El Juez Asociado Señor Wolf, disintió.*