DEMETRIO MORALES, demandante y apelante, *v.* ASOCIACIÓN FONDO DE AHORRO Y PRÉSTAMO DE LOS EMPLEADOS DEL GOBIERNO INSULAR DE PUERTO RICO, y su Presidente, ENRIQUE ACOSTA CALDERÓN, demandados y apelados.

No. 6027.—*Sometido:* Diciembre 13, 1933. *Resuelto:* Enero 19, 1934.

*Guerra Mondragón & Soldevila,* abogados del apelante; *Hon. Procurador General B. Horton* y *F. Janer, Subprocurador,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Demetrio Morales, mecánico y *chauffeur* del Gobierno de Puerto Rico por un período de catorce años, solicita la expedición de un auto de *mandamus* contra la asociación demandada y su presidente, obligándoles a cursar la solicitud formulada por el peticionario a los fines de la declaración de su inhabilidad física permanente y del pago del seguro que según alega le corresponde, hasta que se le haya satisfecho en su totalidad, así como para que el presidente de la asociación demandada notifique a los jefes de oficinas y departamentos

del Gobierno Insular de Puerto Rico lo que sea procedente sobre descuentos del sueldo de los empleados bajo sus órdenes por razón de la incapacidad del peticionario.

En 18 de junio de 1930, el peticionario, siendo empleado del Gobierno y miembro de la asociación demandada, dirigió por escrito al presidente de la misma una solicitud jurada interesando que, por su incapacidad física permanente que le inhabilitaba para el desempeño de su empleo, se le concediese y pagase el seguro previsto por la Ley No. 52 de 1921 (pág. 375), de la Asamblea Legislativa de Puerto Rico, tal y como ha sido posteriormente enmendada. Con la solicitud del peticionario quedaron sometidas a la consideración de los demandados las correspondientes certificaciones médicas juradas.

Al considerar la solicitud la asociación demandada tuvo ante sí una certificación facultativa expedida por el Dr. Reyes a ruego del peticionario, y sendas certificaciones expedidas por el Dr. Abel de Juan y el Dr. E. García Cabrera a petición de la asociación demandada. La asociación recabó del Comisionado de Sanidad de Puerto Rico la designación de un médico de su departamento para examinar físicamente al peticionario, habiendo sido elegido para practicar dicho examen el referido Dr. de Juan.

El Dr. Reyes en su certificación hace constar que el peticionario venía padeciendo de una artritis crónica de la rodilla izquierda desde hacía dos años, por lo que le había aconsejado un tratamiento prolongado y un descanso absoluto, o, a ser posible, cesar de su ocupación, puesto que el movimiento excesivo tiende a agravar su condición, por estar total y permanentemente incapacitado para desempeñar los deberes de su cargo. También suscribió el Dr. Reyes otra certificación que aparece en un impreso de los que se utilizan para casos de esta naturaleza, suministrado por la propia asociación. A la pregunta de si el solicitante está parcial o total y permanentemente incapacitado para desempeñar los deberes de su cargo o trabajo, el Dr. Reyes contesta que sí.

Contestando la misma pregunta, el Dr. de Juan dice que el solicitante se halla total y permanentemente incapacitado para desempeñar los deberes de su cargo como *chauffeur,* y añade más adelante que el mismo padece de una artritis crónica de más de dos años de duración, en la rodilla izquierda, y que es esto lo que lo incapacita totalmente para desempeñar los deberes de su cargo de *chauffeur,* empeorándose su condición actual con el ejercicio que la pierna izquierda debe hacer en el manejo de automóviles. A la última pregunta sobre si las condiciones especificadas incapacitan permanentemente al paciente para continuar el desempeño de los deberes de su cargo, contesta el Dr. de Juan que la condición de su corazón no lo incapacita, pero sí su artritis crónica.

Emitidos los informes médicos de los Dres. Reyes y de Juan, la asociación demandada sometió al peticionario con su consentimiento, a un nuevo examen físico que practicó el Dr. E. García Cabrera, quien produjo el siguiente informe:

"El facultativo que suscribe por la presente certifica: que ha practicado un examen físico completo a Demetrio Morales así como los exámenes de laboratorio y radiológicos necesarios para llegar a un diagnóstico en el caso del Sr. Morales; que del reconocimiento y exámenes practicados al Sr. Demetrio Morales, éste presenta una condición neurálgica de la articulación de la rodilla izquierda, así como de los trayectos nerviosos de la pierna de este mismo lado; que esta articulación no presenta según el examen radiográfico, lesión anatómica alguna, encontrándose, sin embargo, marcada limitación a los movimientos de dicha articulación, debido al estado doloroso de la misma.—Certifica, además, que: El Sr. Demetrio Morales presenta una hipertensión arterial como consecuencia de una sífilis cardiovascular que padece, habiendo dicho estado hipertensivo determinado una nefritis benigna de tipo mixto.—Certifica, asimismo, que: el Sr. Demetrio Morales padece actualmente una infección luética que ha llegado a afectar sus sistemas cardiovascular y nervioso permanentemente y que sin duda el estado patológico de su pierna izquierda, teniendo como factor inmediato la ocupación del paciente, determina en él una incapacidad total para el desempeño de su trabajo mientras la causa específica a que obedece no sea debidamente tratada y totalmente curada."

Con esta prueba la asociación demandada desestimó la solicitud del peticionario y denegó la reconsideración del acuerdo adoptado solicitada por él. Sometido el caso a la Corte de Distrito de San Juan y presentado como prueba el expediente tramitado ante la asociación demandada, se dictó sentencia declarando sin lugar la petición de *mandamus*. El peticionario atribuye a la corte inferior tres errores que pueden condenarse en uno solo. Se alega que el tribunal *a quo* erró y cometió un abuso de discreción al resolver que no puede afirmarse ni demuestran categóricamente los informes médicos que el peticionario está inutilizado permanentemente para desempeñar las funciones de *chauffeur,* cuando en verdad quedó probada la incapacidad permanente de dicho peticionario.

Copiamos a continuación lo que dijo esta Corte Suprema en el caso de *Muñoz* v. *Ramos,* 39 D.P.R. 409, con respecto a la revisión o regulación de la discreción judicial en casos como el presente.

"Las fórmulas estereotipadas siguen los senderos que ofrecen menor resistencia. La regla general de que la discreción judicial no puede ser revisada o regulada por medio de *mandamus,* como la mayoría de las reglas generales no carece de excepciones. Frecuentemente, la cuestión es si la intención de la ley es que la actuación de una corte inferior o de una junta sea final. Esto es especialmente así cuando la determinación de algunas cuestiones que requieren el ejercicio de criterio y discreción, se hace necesaria como un paso preliminar al cumplimiento de un deber ministerial. Lo cierto es que los tribunales superiores, al ejercer su propia y sana discreción en el uso de este recurso flexible, revisan y regulan hasta cierto punto la discreción de juntas y tribunales inferiores, aun 'en casos en que el deber es tal que necesariamente requiere el examen de evidencia y la decisión de cuestiones de derecho y de hecho', (38 C. J. 598, pár. 73) siempre que tales cuestiones no sean complicadas, sino sencillas y libres de duda razonable, y siempre que haya el propósito de que la determinación de las mismas por la junta o tribunal inferior no sea final. Todo caso que se encuentre en la línea divisoria debe resistir o caer sobre su propia base.

" *       *       *       *       *       *       *

"Tal vez sea superfluo añadir que, después de un juicio sobre los

méritos del caso, la corte inferior no debe alterar la conclusión a que lleguen la junta y el Presidente, en ausencia de un error manifiesto al apreciar la evidencia sometídales en apoyo de la reclamación."

De acuerdo con las declaraciones de los Dres. Reyes y de Juan, el peticionario está permanentemente incapacitado para el desempeño de su empleo. El Dr. García Cabrera, quien sometió al paciente a un examen amplio y cuidadoso, según se deduce de su certificación, dice, entre otras cosas, que sin duda el estado patológico de la pierna del paciente, teniendo como factor inmediato su ocupación, determina en él una incapacidad total para el desempeño de su trabajo mientras la causa específica a que obedece no sea debidamente tratada y totalmente curada. No dice el Dr. García Cabrera en ningún momento que la incapacidad del peticionario para el desempeño de su trabajo sea de carácter permanente. Se limita a decir que su estado patológico determina una incapacidad total, mientras no sea debidamente tratado. De lo dicho por el Dr. García Cabrera se deduce que la curación es posible si la causa específica de la incapacidad es debidamente tratada. No es de suponerse que un perito médico exprese así su criterio sin creer en la curación del paciente una vez sometido al tratamiento que la ciencia aconseje. Hubiese sido deseable una prueba más amplia y clara que la sometida a la asociación demandada. Nos hubiera gustado saber de labios del Dr. García Cabrera las probabilidades o posibilidades de una curación y la naturaleza del tratamiento a que debía someterse el peticionario. Sin embargo, ésta fué toda la prueba que tuvo ante sí la asociación demandada y toda la prueba sometida a la corte inferior. La lectura de la evidencia aportada engendra en el ánimo dudas e incertidumbre con respecto al carácter de la incapacidad del peticionario para el desempeño de su empleo y no justifica la expedición de un auto de *mandamus,* ya que no es posible, en presencia de esta prueba afirmar que la asociación demandada haya incurrido en error

manifiesto al apreciar la evidencia sometida en apoyo de la reclamación.

*Debe confirmarse la sentencia apelada.*