JORGE M. FONT RUIZ, demandante y apelante, v. JUNTA DE RETIRO DE FUNCIONARIOS Y EMPLEADOS PERMANENTES DEL GOBIERNO INSULAR, demandada y apelada.

No. 6120.—*Sometido:* Enero 24, 1935. *Resuelto:* Febrero 1, 1935

*Luis Tirado Géigel,* abogado del apelante; *Hon. Procurador General Benjamin J. Horton* y *T. Torres Pérez, Subprocurador,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Jorge M. Font Ruiz solicita la expedición de un auto de *mandamus* en que se ordene a la junta demandada que proceda a decretar el retiro del peticionario.

Se alega en la solicitud que Jorge M. Font Ruiz fué nombrado en septiembre de 1925 ayudante del Laboratorio Biológico en el Departamento de Sanidad Insular, empleo que sirvió hasta el primero de julio de 1927, en que fué ascendido al cargo de Técnico Bacteriólogo en el mismo departamento, que estuvo desempeñando hasta marzo 20 de 1930; que en enero 27 del referido año el peticionario solicitó de la junta demandada su retiro por causa de incapacidad física de acuerdo con la Ley No. 104 de 1925, (pág. 949); que con fecha 28 de agosto de 1930 la referida junta dictó la siguiente resolución:

"Jorge M. Font, ex-empleado del Departamento de Sanidad, solicita retiro por incapacidad física. Vistas las certificaciones de los Dres. Gutiérrez Igaravídez y Costa Mandry, la Junta acordó denegar la solicitud del Sr. Font porque a juicio de ella no se ha probado que el solicitante esté físicamente incapacitado para rendir un servicio útil y eficiente al Gobierno, según expresa la ley."

Continúa alegando el peticionario que presentó a la Junta demandada, al tiempo de radicarse su petición, certificaciones de haber sido examinado por los médicos Dres. E. Martínez Rivera y Abel de Juan, que comprenden un amplio y com-

pleto informe sobre su estado físico, y en las que se afirma categóricamente que el examinado se encuentra incapacitado permanentemente para desempeñar los deberes de su cargo de técnico bacteriólogo en el Departamento de Sanidad Insular, a causa de las condiciones especificadas en dichos informes; que habiendo la junta recurrida solicitado posteriormente por conducto del Comisionado de Sanidad Insular examen radioscópico y de sangre del peticionario, los Dres. P. Gutiérrez Igaravídez y Oscar Costa Mandry, Roentgenólogo y Diréctor del Laboratorio Biológico del Departamento de Sanidad Insular respectivamente, rindieron informes que sólo comprenden y señalan resultados de investigación parcial, pero que no establecen ni consignan conclusiones patológicas; que la junta demandada fundó su resolución denegando el retiro al demandante en los susodichos informes de laboratorio y Rayos X, no concediendo valor al dictamen de los Dres. Martínez Rivera y de Juan, médicos al servicio del Departamento de Sanidad Insular, que expresamente establecen la incapacidad física del recurrente para desempeñar sus funciones oficiales; que con fecha 29 de julio de 1931 el peticionario solicitó de la junta recurrida la reconsideración de su resolución y que en 25 de enero de 1932 recibió del secretario de la junta demandada la comunicación que sigue:

"Me refiero a la petición de reconsideración que presentara usted en julio 29, 1931, para informarle que la Junta de Retiro en su sesión de enero 19, 1932, acordó ratificar su resolución anterior denegándole el retiro, basándose en la certificación médica del Dr. E. García Cabrera, Médico de esta Junta, quien opina que actualmente su condición no le inhabilita para el trabajo.

"Por orden de la Junta:

Atentamente,

(Fdo.)   Juan M. Herrero,
Secretario Junta de Retiro."

Alega además el peticionario que ha cumplido con todos los requisitos exigidos por la ley y que se encuentra inca-

pacitado físicamente para prestar un servicio útil y eficiente por causa de su enfermedad. Añade que la junta recurrida carece de facultad para determinar por sí misma, como lo ha hecho en este caso, el hecho de la incapacidad física del peticionario, viniendo obligado a aceptar el dictamen médico no controvertido ofrecido por el peticionario y procedente de facultativos al servicio del gobierno.

La demandada alega en su contestación que no debe concederse el auto solicitado por los siguientes motivos:

"Por haber incurrido el demandante en este caso en abandono de su alegado derecho (*laches*) al dejar transcurrir un período de tiempo excesivamente considerable sin hacer gestiones ante la Junta demandada de clase alguna después de denegada su solicitud de retiro, y asimismo para presentar su petición de *mandamus*.

"Por aparecer de la faz de la petición que el fundamento de la solicitud de *mandamus* descansa en el deber ministerial de la demandada de decretar el retiro a favor del peticionario por virtud de las certificaciones por él presentadas, y la ley faculta únicamente a la Junta demandada a designar el médico que ha de examinar al solicitante, después de presentada la solicitud de retiro."

. La corte inferior declaró sin lugar la solicitud por entender que el auto de *mandamus* no debe expedirse en este caso. La resolución de la corte inferior prácticamente declara que de acuerdo con los hechos alegados en la solicitud no se establece una causa de acción en favor del peticionario para utilizar el remedio extraordinario de *mandamus*.

■ El primer motivo de error se basa en haber declarado el tribunal *a quo* que el recurso incoado es improcedente, porque con arreglo a las disposiciones de la Ley No. 104 de 1925 (pág. 949), cabe la existencia ante la junta recurrida de una controversia sobre cuestiones de hecho cuya determinación corresponde discrecionalmente a dicho organismo.

Niega el apelante que la Junta de Retiro de los Funcionarios y Empleados del Gobierno Insular, creada por la Ley No. 104 de 1925, tenga facultades discrecionales en lo que se refiere a la concesión o denegación de los beneficios pres-

critos por dicho ley. La posición del peticionario, a juzgar por sus alegaciones y los comentarios que le sugiere la ley, es que la junta carece de facultades para determinar por sí misma el hecho de la alegada incapacidad, viniendo obligada a aceptar el dictamen médico no controvertido ofrecido por el peticionario y procedente de facultativos al servicio del gobierno. Estima el peticionario que de acuerdo con el criterio judicial exteriorizado por esta corte después de un estudio detenido del texto de la ley citada, el organismo encargado de su cumplimiento no tiene otra misión que la de cumplir estrictamente el mandato legislativo, siendo su deber imperativo reconocer el derecho estatuído cuando concurren las circunstancias previamente señaladas como determinantes de tal derecho. Si no interpretamos mal al peticionario, la junta, a su juicio, carece de facultades para declarar que la incapacidad ha quedado o no probada, porque sus actuaciones no envuelven más uso de discreción que el que implique el hacer estimación de si está presente con cada reclamación a ella sometida el estado de hechos que previene la ley. Se cita por analogía la jurisprudencia establecida por esta corte interpretando la ley para la creación de un fondo de ahorros y préstamos para los empleados del gobierno insular de Puerto Rico, con relación a las reclamaciones de seguros por inutilidad física. Esta ley, al igual que la que ahora comentamos, no concede expresamente facultades discrecionales al organismo encargado de su cumplimiento para declarar si se ha probado o no que el empleado está permanentemente incapacitado o físicamente incapacitado para rendir un servicio útil y eficiente al gobierno según sea el caso. Sin embargo, un estudio detenido de la ley conduce a la inevitable conclusión de que el referido organismo no carece de aquella discreción sin el ejercicio de la cual no podrían hacerse efectivas las disposiciones de dicha ley para cuyo cumplimiento, según la sección 16, se creó la Junta de Retiro. También dispone la sección 11 que este organismo podrá practicar las investigaciones que crea convenientes, y sus miembros tendrán

facultad para tomar juramentos en relación con las disposiciones de la ley.

En el caso de *Muñoz* v. *Ramos,* 39 D.P.R. 405, dijimos lo siguiente:

"La ley no confiere a la Junta de Directores facultad alguna para citar testigos, tomar juramentos o tomar declaraciones. No dispone expresamente que la junta determinará la cuestión de inutilidad física permanente. Cualquier facultad que tuviere la junta para considerar esa cuestión, debe derivarse por mera inferencia de la necesidad de que se estudie, y apruebe o rechace cada reclamación presentada, del hecho de que la Junta de Directores es el cuerpo directivo de la asociación, y de la circunstancia adicional de que la junta tiene el poder de formular reglamentos razonables para darle efecto a la ley."

Comentando las palabras anteriormente copiadas, dijimos en el caso de *Feliciano* v. *López,* 44 D.P.R. 937:

"Esta junta, que designa los médicos que han de comprobar el estado de salud del empleado, tiene deberes que cumplir y uno de ellos es velar por que el empleado a quien se pague el seguro esté real y permanentemente incapacitado para el desempeño de sus funciones oficiales. Además de estas disposiciones de la sección 25, que indican dónde radica la facultad de considerar estas solicitudes basadas en inutilidad física, entendemos, como se apunta en el caso de Muñoz v. Ramos, 39 D.P.R. 410, que dicha facultad surge de la necesidad de que se estudie y apruebe o rechace cada reclamación presentada, del hecho de que la junta de directores es el cuerpo directivo de la asociación y de la circunstancia adicional de que la junta tiene el poder de formular reglamentos razonables para darle efecto a la ley."

Admite el peticionario que la junta antes de actuar debe satisfacerse a sí misma del estado de hechos que previene la ley. ¿Y cuál es el estado de hechos que debe producirse en este caso para que proceda la concesión del retiro? La ley lo dice claramente: la incapacidad física del empleado para rendir un servicio útil y eficiente por causa de su enfermedad. ¿Cómo puede la junta, sin ejercer alguna discreción en la apreciación de la prueba, formular su juicio sobre la

existencia o inexistencia del hecho en aquellos casos en que los médicos difieran en cuanto a esta cuestión fundamental? La incapacidad, si existe, es un hecho que debe acreditarse. La misión de la junta no es establecer el hecho, sino reconocer su existencia cuando le ha sido acreditado, pero si no queda satisfecha de su existencia no puede quedar obligada a aceptarlo.

██ ██ En cuanto a la procedencia del auto de *mandamus*, hemos declarado, interpretando la ley, que los tribunales superiores, al ejercer su propia y sana discreción en el uso de este recurso flexible, revisan y regulan hasta cierto punto la discreción de juntas y tribunales inferiores, aun en casos en que el deber es tal que necesariamente requiere el examen de evidencia y la decisión de cuestiones de derecho y de hecho. *Muñoz* v. *Ramos,* supra. La corte puede apreciar la evidencia sometida a la junta para apreciar si se ha cometido alguna arbitrariedad o se ha incurrido en un error tan manifiesto y palpable que esté justificada la expedición de un auto de *mandamus*. El ejercicio de la facultad discrecional no debe ser caprichoso, abusivo y arbitrario, por que allí donde intervienen estos elementos puede decirse que no se ha ejercido discreción. Si se incurre en un error de tal naturaleza que equivalga a una negación de la justicia, los tribunales estarán justificados en intervenir mediante este procedimiento extraordinario para corregir el error. *Dyer* v. *Rossy,* 23 D.P.R. 772. Hemos leído la solicitud en este caso. De la misma surge que fueron sometidos a la junta los informes de los Dres. Martínez Rivera y de Juan, designados por el peticionario, y de los Dres. Gutiérrez Igaravídez y Costa Mandry, designados por la referida Junta, amén del informe del Dr. García Cabrera, que se produjo algún tiempo después. Es verdad que se alega que la junta no concedió valor al dictamen de los Dres. Martínez Rivera y de Juan; pero esto, que parece más bien una conclusión que la alegación de un hecho, no puede interpretarse en el sentido de que la junta dejó de considerar y apreciar el informe de los referidos médicos.

No se alega que este organismo haya incurrido en error manifiesto ni que haya sido arbitrario en el ejercicio de su discreción. Por el contrario, se dice que la junta recurrida carece de facultad para determinar por sí misma, como lo ha hecho en este caso, el hecho de la incapacidad física del peticionario, viniendo obligada a aceptar el dictamen médico ofrecido por éste procedente de facultativos al servicio del gobierno.

Opinamos que los hechos alegados, admitidos como ciertos, no son bastantes para la expedición de un auto de *mandamus*.

*Debe confirmarse la sentencia apelada.*