Emilio Feliciano, demandante y apelado, *v.* José G. López, en su carácter de Presidente de la Asociación Fondo de Ahorro y Préstamos de los Empleados del Gobierno Insular de P. R., demandado y apelante.

No. 6749.—*Sometido:* Enero 25, 1935. *Resuelto:* Mayo 21, 1935.

*F. Navarro Ortiz* y *C. H. Juliá,* abogados del apelante; *Edelmiro Martínez Rivera,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En este procedimiento de *mandamus* establecido por Emilio Feliciano contra José G. López como presidente de la Asociación Fondo. de Ahorro y Préstamo de los Empleados del Gobierno Insular de Puerto Rico, la Corte de Distrito de San Juan dictó sentencia por el resultado de la prueba practicada ante ella declarando que Emilio Feliciano está incapacitado física y permanentemente para desempeñar sus deberes como policía insular y que el demandado López tiene el deber ministerial de notificar esa incapacidad a los jefes de oficinas y departamentos del Gobierno Insular para que se recaude el dinero para pagar el seguro que tiene Emilio Feliciano. La apelación contra esa sentencia es lo que motiva el presente recurso establecido por el demandado.

Ésta es la segunda vez que Feliciano ha interpuesto recurso de *mandamus* contra el presidente de dicha asociación para el cobro de su seguro y también la segunda vez que el asunto ha venido en apelación ante nosotros. Una de las

cuestiones envueltas en la primera apelación era si la solicitud de retiro por incapacidad física permanente para el servicio debía ser hecha antes de cesar en el cargo, y resolvimos que podía ser hecha después dentro de un tiempo razonable. También resolvimos otras cuestiones. *Feliciano* v. *López,* 44 D.P.R. 937.

Parte de la historia de este caso se encuentra en la opinión de este tribunal que sirvió de fundamento a la sentencia por la cual revocamos la que la corte de distrito había dictado contra el demandado. De ella aparece que Emilio Feliciano era un policía insular acogido a los beneficios de la Ley No. 52 de 1921 (pág. 381) que creó un sistema de seguro para ciertos empleados públicos: que en 1 de febrero de 1932 fué separado de su cargo por acuerdo de la Comisión de la Policía Insular por estar incapacitado físicamente, según ella, para seguir prestando servicio: que la Comisión de la policía puso ese hecho en conocimiento del presidente de la junta de directores de la asociación mencionada: que posteriormente, el 9 de febrero de 1932, los abogados de Emilio Feliciano solicitaron del presidente de dicha junta que de acuerdo con la ley pusiera en conocimiento de los jefes de oficinas y departamentos del Gobierno Insular de Puerto Rico su incapacidad, para que recaudasen el dinero para pagarle su seguro, y que el presidente y la junta de directores se habían negado a cumplir ese deber ministerial impuesto por la ley.

Nuestra opinión y sentencia revocatoria en la primera apelación tiene fecha 28 de abril de 1933 y en 20 de junio del mismo año Feliciano radicó en la Corte de Distrito de San Juan otra solicitud de *mandamus* contra el presidente de la junta de la asociación en la que expone los hechos que hemos consignado antes y además su anterior procedimiento de *mandamus,* nuestra sentencia en él y que después de ella el demandante comprobó ante el demandado el 8 de marzo de 1933 (debe decir el 11 de ese mes y año) su incapacidad per-

manente para desempeñar sus funciones oficiales, no obstante lo cual se negaba a notificar la incapacidad del peticionario a los jefes de oficinas y departamentos del Gobierno Insular, por lo que solicitó que se ordenase al demandado que hiciera esa notificación. Dictado un auto provisional de *mandamus* compareció el demandado y se opuso a la pretensión de Feliciano con el resultado de haber hecho la corte perentorio el auto provisional de *mandamus* que había expedido.

Una de las defensas alegadas por el demandado en su contestación es que la solicitud de *mandamus* no aduce hechos suficientes para sostener el libramiento de dicho auto. Otra de las defensas fué que la solicitud de *mandamus* es prematura.

Alega el apelante como primer motivo de este recurso que la corte inferior cometió error al no declarar con lugar esa primera defensa. Su fundamento es que la solicitud de *mandamus* en este caso no alega, como debió hacerlo, que el peticionario envió a la junta de directores una solicitud exponiendo los hechos del caso, como requiere el artículo 12 del reglamento de la asociación. Dicho artículo dispone que todo miembro de la asociación en activo servicio público que alegue haber quedado inutilizado permanentemente para el desempeño de sus funciones por virtud de un accidente o enfermedad enviará su solicitud a la junta de directores exponiendo los hechos del caso, acompañando a dicha solicitud una certificación médica jurada de la cual aparezca dicha inutilidad permanente, si tal fuere el caso. Con respecto a ese artículo hemos declarado en la apelación anterior lo siguiente: ''Este artículo no hace otra cosa que ajustarse a las disposiciones de la ley, cuando prescribe que los hechos del caso deben exponerse en la solicitud que dirija a la Asociación el empleado, acompañándola de una certificación médica jurada de la cual aparezca la inutilidad permanente. . . No se ha probado en este caso que el demandante presentara una solicitud exponiendo los hechos, acompañándola de una certi-

ficación médica jurada, como se dispone en el reglamento. . .
No está el demandante en posición de pedir al presidente o
a la junta de directores que lleve a cabo esta notificación,
mientras no cumpla con los requisitos previos que prescri-
ben la ley y su reglamento.'' ·Puesto que el citado artículo
del reglamento se ajusta a las disposiciones de la ley, por lo
que debe ser cumplido, y puesto que el envío al presidente
o a la junta de la solicitud con los hechos del caso no ha
sido alegado en la petición de *mandamus* actual, no aduce
hechos suficientes para el auto interesado, ya que sin tal
envío no está el peticionario en condiciones de exigir que se
lleve a cabo la notificación de su inutilidad a los jefes de ofi-
cinas y departamentos del Gobierno. También alega la pe-
tición de *mandamus* que se entregó al presidente certifica-
ción médica jurada de la inutilidad permanente del peticio-
nario, pero como alega que tal inutilidad o incapacidad la
comprobó ante el demandado, podemos admitir, interpre-
tando liberalmente esa alegación, que la comprobó con certi-
ficación médica jurada. Como cuestión de hecho resultante
de la prueba practicada en la vista del *mandamus,* los aboga-
dos de Feliciano enviaron al presidente de la junta el 11 de
mayo de 1933 dos certificaciones médicas juradas referentes
a la incapacidad física permanente del peticionario.

 Con respecto a ser prematura la solicitud de *man-
damus,* resulta de la prueba practicada en la corte inferior
que después de dictada nuestra sentencia y opinión en 28 de
abril de 1933 nos pidió Feliciano que la reconsiderásemos:
que sin estar resuelta esa solicitud acudieron sus abogados
al presidente de la junta con su carta de 11 de mayo de ese
año enviándole dos certificaciones médicas juradas y soli-
citando que con vista de ellas y su carta del 9 de febrero de
1933 (debió decirse 1932) cumpliese con la ley, o sea, en
cuanto a notificar a los jefes de oficinas y departamentos
para la recolección del dinero del seguro: que la junta de di-
rectores acordó el 19 de junio siguiente pasar esa carta y

el expediente de Feliciano a los abogados de la junta para que le informasen lo que estimaren pertinente, cuyo acuerdo fué cumplido al siguiente día 20 y que ese día 20 fué radicada en la corte inferior la segunda solicitud de *mandamus* y el auto provisional fué librado, sin que los abogados hubiesen podido cumplir su cometido y cuando aún estaba pendiente de decisión la solicitud de reconsideración, de la cual desistió después de radicado su segundo *mandamus,* no siendo comunicada nuestra sentencia a la corte inferior hasta el 23 de dicho mes: y que el demandado ni la junta se han negado en momento alguno después de la carta de mayo y certificaciones médicas a acceder a lo que interesaba Feliciano. Esos hechos demuestran que la solicitud de *mandamus* que motiva esta apelación fué prematura, pues no sólo estaba subjúdice la apelación en el *mandamus* primero sino también porque el presidente demandado no se había negado a acceder a lo que se solicitó en la carta de 11 de mayo de 1933, por lo que al ser conocidos esos hechos por la prueba debió ser desestimada la solicitud de *mandamus.*

▮ Podemos dar por terminada aquí esta opinión, pero como Feliciano se queja de la dilación en cobrar su seguro creemos conveniente decir que se ha debido a sus propios actos, pues en vez de presentar al presidente de la junta el impreso que le fué entregado con blancos para que lo contestase sobre los hechos del caso y de haber presentado la certificación médica jurada, según requiere el artículo 12 del reglamento de la asociación, creyó que el presidente y la junta tenían que aceptar necesariamente la conclusión de la Comisión de la Policía Insular de que estaba incapacitado permanentemente para prestar servicio, cuando no existe en la ley precepto alguno que convierta a los jefes de oficinas y departamentos en jueces definitivos de la incapacidad física a los efectos del cobro del seguro y por el contrario la junta tiene derecho a designar los médicos que han de comprobar el estado de salud del empleado, porque

uno de los deberes que tiene que cumplir es el de velar por que el empleado a quien se pague el seguro esté real y permanentemente incapacitado para el desempeño de sus funciones oficiales. *Feliciano* v. *López,* supra. Y porque no sólo se precipitó en su segunda solicitud de *mandamus,* radicándola antes de haberse negado el presidente a lo que se le pedía y dejando además de presentar la solicitud requerida por el artículo 12 del reglamento, que en el caso anterior hemos declarado válido, sino también porque entendió equivocadamente que presentadas las certificaciones médicas juradas sobre su incapacidad permanente el presidente y la junta de directores tenían con vista de ellas que notificar su incapacidad a los jefes de oficinas y departamentos para que recaudasen el dinero para su seguro, cuando según declaramos en nuestra anterior sentencia la junta tiene el derecho reconocido por la ley de nombrar médicos que comprueben la incapacidad alegada.

*La sentencia apelada debe ser revocada y dictarse otra desestimando la solicitud de* mandamus.

El Juez Asociado Señor Hutchison no intervino.
El Juez Asociado Señor Wolf disintió.*