JUAN B. HUYKE, demandante y apelante, *v.* LA JUNTA DE RETIRO DE LOS FUNCIONARIOS Y EMPLEADOS PERMANENTES DEL GOBIERNO INSULAR, ETC., demandada y apelada.

No. 6061.—*Sometido:* Junio 20, 1933. *Resuelto:* Febrero 16, 1934.

*Luis Tirado,* abogado del apelante; *Hon. Procurador General Benjamin J. Horton,* (*Charles E. Winter* en el alegato), y *Felipe Janer, subprocurador,* abogados de la apelada.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Este es un caso de *mandamus*. Lo inició Juan B. Huyke contra la Junta de Retiro de Funcionarios y Empleados Permanentes del Gobierno Insular de Puerto Rico, alegando en su solicitud que en noviembre 28, 1929, era el Comisionado de Instrucción de Puerto Rico; que desde mayo 1, 1900, a julio 1, 1908, desempeñó el cargo de Profesor Graduado y Principal de las escuelas de la Isla; de mayo 11, 1910, a julio 31, 1911, el de Superintendente General de dichas escuelas; de abril 6, 1914, a enero 1, 1921, el de Síndico de la Universidad de Puerto Rico, y de octubre 3, 1921, hasta principios de 1930, el de Comisionado de Instrucción.

Que estando en servicio activo, en noviembre 26, 1929, solicitó de la junta demandada su retiro con pensión y le fué negado en enero 26, 1931, por estimar la junta: 1°., que su cese se debió a la expiración de su término, más bien que a su renuncia; 2°., que si bien consta que prestó 26 años, 1 mes y 21 días de servicio, 6 años, 8 meses y 25 días lo fueron como miembro de la Junta de Síndicos de la Universidad, período no computable de acuerdo con la ley, quedando así reducido el término a 19 años, 6 meses y 13 días, y 3°., que abandonó su derecho al retiro por no haber cotizado al fondo de pensiones desde enero 1, 1924, a mayo de 1928, no obstante ser obligatoria la ley en cuanto a la cotización desde diciembre 1, 1925.

Y sosteniendo que a virtud de los hechos alegados y de acuerdo con lo prescrito en la Ley No. 104 de 1925 (pág. 949), la Junta no estuvo justificada al negarle la pensión, pidió a la corte que le ordenara que se la concediera, con los demás pronunciamientos de ley.

En su contestación la junta aceptó la verdad de los hechos alegados, pero negó que de acuerdo con los mismos y con la ley, estuviera obligada a decretar el retiro con pensión.

Sometido así el caso a la corte de distrito, fué decidido en

contra del peticionario que interpuso entonces el presente recurso de apelación.

En su opinión la corte de distrito resume el problema a resolver como sigue:

"(*a*) ¿Es computable a los efectos de la Sección 8 de la Ley el tiempo que sirvió el peticionario a El Pueblo de Puerto Rico en un cargo no remunerado, cual es el de miembro de la Junta de Síndicos de la Universidad de Puerto Rico? Si no es computable ese tiempo, entonces el peticionario no tiene derecho al retiro que solicita por no haber prestado por lo menos veinte años de servicios que en casos de retiro voluntario exige la Sección 8 antes transcrita. Si es computable, precisa resolver la segunda cuestión levantada por la representación de la Junta demandada, a saber:

"(*b*) ¿Tiene derecho a pensión voluntaria un funcionario que ha servido a El Pueblo de Puerto Rico durante veinte años, pero que ha dejado de pagar durante algunos años después de la vigencia de la Ley, la cuota prescrita en la Sección 13 de la misma?"

Luego estudia la Ley No. 104 de 1925 en su totalidad y responde la primera pregunta formulada en la negativa, desestimando, por tal motivo, la solicitud, sin entrar en la consideración de la segunda.

En su alegato la parte apelante sostiene que la corte sentenciadora erró:

"1, al declarar sin lugar la solicitud de mandamus por entender que a los efectos de la Sec. 8 de la Ley No. 104 de 1925, y conforme a lo dispuesto por la Sec. 2 de la misma, no son computables los servicios prestados por el demandante apelante como funcionario del Gobierno Insular, en el desempeño de un cargo no retribuído como el de Síndico de la Universidad de Puerto Rico.

"2, al declarar que la Ley de Retiro sólo comprende a funcionarios o empleados que hayan prestado servicios mediante retribución legal, y

"3, al basar su resolución en consideraciones de orden teórico sobre la aplicación de la Ley juzgando anticipadamente una situación de hecho enteramente distinta de la que ofrece el caso preciso que tuvo ante sí."

Después argumenta de modo admirable sus señalamientos de error. Sin embargo, no obstante reconocer la fuerza de

sus razonamientos, nos vemos obligados a decidir el recurso en contra suya.

Es cierto que al conceder la Ley No. 104 de 1925—que es la aplicable en este caso—en su sección 8, el derecho al retiro voluntario a cualquier funcionario o empleado que haya prestado por lo menos veinte años de servicio, de modo terminante expresa que la computación de servicios se hará de acuerdo con la sección 2 de la misma, y que la sección 2 dispone que ''el total de tiempo de servicios que servirá de base para calcular el importe de cualquier pensión provista por esta ley, será computado desde la fecha del nombramiento original del funcionario o empleado, bien pertenezca al servicio clasificado o no clasificado, incluyendo los períodos de servicios prestados en diferentes épocas y en uno o más departamentos u oficinas del Gobierno Insular.''

Es cierto también que la sección 1 de la expresada ley dispone que ''comprenderá a todos los funcionarios o empleados en el Servicio Civil clasificado y no clasificado del Gobierno Insular de Puerto Rico, con excepción de los jueces del Tribunal Supremo, los catedráticos de la Universidad de Puerto Rico, los profesores de instrucción pública, los miembros de la Policía Insular y los empleados municipales.'' Y que yendo a la ley que regula el Servicio Civil nos encontramos con que el cargo de miembro de la Junta de Síndicos de la Universidad de Puerto Rico aparece relacionado expresamente como uno de los varios comprendidos en el servicio civil no clasificado, así:

''El Servicio Civil del Gobierno de Puerto Rico y cada subdivisión gubernativa del mismo se dividirá en Servicio No-Clasificado y Servicio Clasificado. El Servicio No-Clasificado comprenderá:

    *     *     *     *     *     *     *

''Los miembros de la Junta de Síndicos de la Universidad de Puerto Rico.     .    .    .    .    .    .    .    .

    .    .    .    .    .    .    .    .    .''

Ley de Servicio Civil, Sec. 4, Leyes de 1907, p. 172.

Y es cierto, por último, que en ninguna parte de la ley

de pensiones se excluye expresamente de sus beneficios a los funcionarios que prestan sus servicios sin percibir remuneración.

Pero no obstante ser todo ello así, leyendo la ley de que se trata íntegramente, estudiando todas y cada una de sus disposiciones, habiendo en consideración no sólo el espíritu de la institución que crea si que también los medios que le otorga para llevarlo a la práctica, se llega a la inevitable conclusión de que sólo los servicios remunerados fueron los que estuvieron en la mente de la Legislatura y los que pueden considerarse, por tanto, comprendidos dentro de las prescripciones de la ley.

En aquellos servicios que los ciudadanos prestan *ad honorem,* el elemento remuneración en pesos y centavos no forma parte del contrato. Y si ello es así ¿cómo podría invocarse luego ese elemento como un derecho para percibir una remuneración de tal naturaleza en forma de pensión?

Los recursos pecuniarios con que cuenta la "Junta de Retiro" creada por la sección 16 de la Ley No. 104 de 1925, para dar cumplimiento a sus disposiciones, se derivan de los sueldos mismos de los funcionarios. Véanse las secciones 13, 14, 15, 18 y 19 de la ley. Y un cuidadoso examen de esos recursos en relación con las disposiciones de la ley relativas a los casos en que puede y debe concederse el retiro y a la cuantía de la pensión, levanta una fuerte duda de que aun aplicada estrictamente la ley al cuerpo de empleados remunerado y contribuyente, sean dichos recursos pecuniarios suficientes. Y si a esa conclusión se llega tomando en consideración solamente los servicios remunerados, no es posible interpretar la ley de manera que incluya servicios que no lo fueron y de los cuales no pudo hacerse deducción alguna para afrontar en su día el pago de la pensión.

Habiendo llegado a esa conclusión fundamental, se hace innecesario considerar las otras circunstancias que concurren en el caso del peticionario y que tomó en consideración la junta demandada para actuar en la forma en que lo hizo.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

EN MOCION DE RECONSIDERACION

Marzo 29, 1934

Se ha presentado una moción de reconsideración preparada cuidadosamente en este caso.

En nuestra opinión dijimos:

"Los recursos pecuniarios con que cuenta la 'Junta de Retiro' creada por la Sección 16 de la Ley No. 104 de 1925, para dar cumplimiento a sus disposiciones, se derivan de los sueldos mismos de los funcionarios. Véanse las secciones 13, 14, 15, 18 y 19 de la ley."

Y la verdad es que aunque nos referimos a las secciones 15 y 19 de la Ley No. 104 de 1925 (pág. 949) para completar el texto, tal como éste se encuentra redactado puede interpretarse como que dice que los únicos recursos con que cuenta la Junta son los derivados de las deducciones que se hacen de los sueldos de los propios empleados.

Y en la moción se sostiene con razón que no es así. La sección 19 de la propia Ley No. 104 de 1925 en efecto dispone:

"Se autoriza y se ordena al Auditor de Puerto Rico para que transfiera, a la terminación del año económico 1924–25 y de todo año fiscal sucesivo, al 'Fondo de Retiro de Empleados del Servicio Civil de Puerto Rico—Fondo de Depósito,' el treinta (30) por ciento de todos los sobrantes de cada año económico que resultaren en las asignaciones de sueldos de cargos comprendidos dentro de esta Ley; *Disponiéndose,* que los sueldos sobrantes por concepto de plazas suprimidas por innecesarias, no serán contados para el tanto por ciento a que se refiere esta sección."

Habiéndose enmendado dicha sección en 1928 y en 1933 en que quedó redactada como sigue:

"Sección 19.—Empezando en el año económico 1933–34 y continuando en los años sucesivos, se faculta al Tesorero de Puerto Rico y por la presente se le ordena separar e ingresar en el Fondo de Retiro de Empleados del Servicio Civil de Puerto Rico, Fondo de Depósito, a medida que se vayan recaudando, los intereses sobre fondos en depósito del Gobierno Insular en los bancos depositarios

hasta la suma de cincuenta mil (50,000) dólares; *Disponiéndose,* que el Tesorero de Puerto Rico queda autorizado y ordenado por la presente a ingresar al referido Fondo de Retiro, al comienzo de cada año económico, la cantidad por esta Ley asignada, sin que haya necesidad de una nueva autorización de la Asamblea Legislativa de Puerto Rico; *Disponiéndose, además,* que la Junta de Retiro de los Empleados del Gobierno Insular rendirá anualmente antes del comienzo de la sesión legislativa, un informe completo de todas las pensiones concedidas y que de ahora en adelante se concedan de acuerdo con esta Ley, para conocimiento y acción de la Asamblea Legislativa de Puerto Rico.''

Tal aclaración no destruye, al contrario, refuerza la conclusión a que en nuestra opinión llegamos en el pasaje indicado, a saber: que un cuidadoso examen de los recursos con que cuenta la Junta en relación con las obligaciones que la misma debe cubrir, levanta una fuerte duda de que aun tomando sólo en consideración el cuerpo de empleados remunerado, sean dichos recursos suficientes. La experiencia se está encargando de demostrar que no se trata de una duda, sino de una realidad.

Reconoce al parecer el apelante la fuerza del razonamiento básico de nuestra decisión, pero insiste en que si bien podría aplicarse a servicios no remunerados a partir de la vigencia de la ley, aplicado a servicios prestados con anterioridad, resulta notoriamente injusto, porque para nada se tuvo en cuenta la remuneración de esos servicios anteriores para la formación del fondo con que habría de satisfacer la Junta las pensiones de los empleados que se fueran retirando.

Seguramente que a no haberse tomado en consideración ese elemento es que obedece en gran parte la quiebra de la ley, y no deben las cortes agravar por una interpretación liberal una situación de suyo seria. Además, esa cuestión no está ante nosotros. Lo que decidimos fué que los servicios que se prestan *ad honorem* son algo aparte que si desde un principio se excluyó de toda relación con pesos y centavos, debe continuar así hasta el fin. Sería a nuestro juicio desnaturalizar la ley, el injertar en ella esa clase de servicios.

Y en cuanto a ese aspecto de la cuestión, que es el fundamental, no nos ha convencido la moción de reconsideración de que estemos equivocados.

*Siendo ello así, la moción debe ser declarada sin lugar.*