FEDERICO G. PÉREZ ALMIROTY, demandante y apelado, *v.* JUNTA DE RETIRO DE LOS FUNCIONARIOS Y EMPLEADOS DEL GOBIERNO INSULAR DE PUERTO RICO, ETC., demandada y apelante.

No. 6791.—*Sometido:* Noviembre 7, 1935. *Resuelto:* Enero 31, 1936.

*Hon. Procurador General B. Fernández García (Benjamin J. Horton* en el alegato) y *Angel C. Calderón,* Subprocurador, abogados de la apelante; *Luis Tirado Géigel,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Federico G. Pérez Almiroty, abogado y vecino de Río Piedras, radicó una solicitud de *mandamus* en la Corte de Distrito de San Juan contra la Junta de Retiro de los Funcionarios y Empleados del Gobierno Insular pidiendo a la corte que ordenara a la junta que le diera crédito por los servicios que prestó al Gobierno como funcionario permanente del mismo desde enero 1, 1924, a noviembre 30, 1925, previo abono de los descuentos que dejó de ingresar, y tuviera en cuenta dichos servicios al fijar el montante de la pensión que como funcionario retirado le correspondía recibir.

Los hechos en que se fundó la solicitud y que se acepta-

ron como probados, tales como se resumen por el propio peticionario, en su alegato, son:

"Que el demandante apelado prestó servicios al Gobierno Insular durante el período comprendido entre enero 1ro. de 1924 y noviembre 30 de 1925; que era un funcionario de los comprendidos en la derogada Ley núm. 22 de 1923; que no contribuyó al fondo de pensiones creado por dicha Ley de 1923; que era asimismo un funcionario de los comprendidos en la Ley Núm. 104 de 1925, y como tal solicitó y obtuvo su retiro por razón de separación involuntaria del servicio; que a los efectos de la fijación del montante de su pensión no le fueron acreditados los servicios que prestó durante el período de referencia, por razón de no haber contribuído al fondo mencionado; y que consignó expresamente su deseo de obtener crédito por tales servicios, requiriendo de la Junta apelante la computación de los mismos en consideración a previo abono al Fondo de Retiro de las cantidades que habían de aportarse conforme a lo previsto en la Ley citada de 1923."

Expedido el auto en forma alternativa, excepcionó la junta la petición por falta de hechos suficientes para determinar la causa de acción ejercitada y la contestó aceptando algunos hechos y negando otros. Finalmente ambas partes acordaron someter el caso a la decisión de la corte por el mérito de las cuestiones de derecho envueltas y la corte lo decidió en efecto por sentencia de junio 15, 1934, en contra de la junta.

No conforme ésta, apeló. Señala en su alegato tres errores cometidos a su juicio por la corte de distrito al resolver que la sección 18 de la Ley núm. 104 de 1925 (pág. 949) es mandatoria; al decidir que la dicha sección no fija plazo dentro del cual debe formularse la reclamación, y al concluir que el peticionario radicó su reclamación al tiempo de ser considerada y resuelta su solicitud de retiro.

En su relación del caso y opinión la corte de distrito, después de referirse a las alegaciones y a los trámites del pleito, dice que la controversia gira alrededor de la interpretación de la sección 18 de la Ley núm. 104 de 1925, que lee como sigue:

"Al funcionario o empleado comprendido en esta Ley, que como

tal no hubiese contribuído al fondo de pensiones creado por la Ley No. 22, de 1923, y que desee se le dé crédito por el tiempo de servicios prestados desde enero primero de 1924 hasta que empiece a regir esta Ley, podrá concedérsele ese crédito siempre que abonare al Fondo de Retiro el dos por ciento (2) de sus sueldos durante dicho período de tiempo; *Disponiéndose,* que la falta de ese pago no privará al funcionario o empleado comprendido en esta Ley, del crédito de sus servicios prestados con anterioridad al primero de enero de 1924.''

Y procediendo a interpretarla se refiere primero a la sección 2 de la propia ley que prescribe que el tiempo total de servicios que servirá de base para calcular el importe de la pensión se computará desde la fecha del nombramiento original, incluyendo los períodos de servicios prestados en diferentes épocas, y concluye que ''el oficio'' de la sección 18, ''es simplemente el de condicionar . . . un derecho de antemano establecido por modo general y absoluto en forma que supone para la Junta recurrida la obligación ministerial de reconocerlo en su total extensión conforme a la ley.''

Cita luego la sección 9 que dispone que si un funcionario o empleado de cuarenta o más años de edad, a quien la ley sea aplicable, después de haber servido por un período total no menor de quince años y antes de tener derecho al retiro, fuere separado involuntariamente por cualquier motivo, excepción de destitución, del servicio clasificado o no clasificado, tendrá derecho a una pensión vitalicia anual igual al dos por ciento del promedio de sus sueldos o compensaciones básicas anuales durante los siete últimos años de servicios computables, multiplicado por el número de años de servicios, y concluye que esas disposiciones reafirman las de la sección 2.

Compara entonces la ley de 1925 con la de 1923 (Leyes de 1923 (2) pág. 157) y entrando de lleno en el alcance de la sección 18 de la de 1925, lo fija así:

''De suerte que, examinado el precepto bajo consideración a la luz de los antecedentes expuestos, resulta obvio que no existe la intención de investir a la Junta recurrida de poder discrecional, siendo en verdad dicha disposición legal de carácter mandatorio, no obstante

la forma de expresión, que ha sido utilizada claramente para mejor dar a entender el otorgamiento condicional de una fase del derecho previamente estatuído. Y en consecuencia es de rigor que al recurrente le sean computados los servicios que prestó desde enero 1ro. de 1924 hasta noviembre 30 de 1925, cuando ha manifestado su deseo de que le sean acreditados, y ofrecido efectuar el pago previsto. Resolvemos que la Sec. 18 de la Ley núm. 104 de 1925 como está redactada, y en armonía con los generales preceptos del estatuto, consagra su derecho absoluto a ello; siendo deber indeclinable de la Junta actuar concediendo tal crédito a base del pago que la Ley exige. No es posible concebir que allí donde la principalidad del derecho se otorga sin sujeción a ejercicio de facultad discrecional por parte de la recurrida, se supedite la especialidad del mismo a su libre arbitrio. La alternativa está bien definida: si se verifica el abono que el precepto requiere, procede computar los servicios; de no verificarse, *no pueden* ser acreditados.''

Hemos estudiado además cuidadosamente los alegatos de ambas partes y estamos convencidos de que el *mandamus* no procede.

La sección 7 de la Ley núm. 22 de 1923, Leyes de la Sesión Especial de ese año, p. 161, dispone que el ''Fondo de Pensiones'' se formará con el producto de una contribución del dos por ciento sobre los sueldos de los empleados, y autoriza y ordena al Auditor de Puerto Rico que a partir del 1 de enero de 1924 proceda a hacer los descuentos correspondientes.

Ni el Auditor descontó ni el peticionario abonó el dos por ciento de sus sueldos como Sub Procurador durante la vigencia de esa ley, y aprobada la núm. 104 de 1925 que dió al peticionario una nueva oportunidad para hacerlo dejó el peticionario transcurrir más de siete años sin aprovecharla. Pretendió acogerse a ella después de presentada y resuelta su solicitud de retiro, cuando la junta fijó la pensión que le correspondía recibir en $1,185.47 anuales, dejando de tomar en consideración para el cómputo el tiempo de servicio que prestara sin contribuir al fondo de pensión. El peticionario sostiene que su pensión debió fijarse en $1,338.60, tomando en consideración ese tiempo, mediante el abono que prometió

hacer de $126.36 a que ascendían los descuentos del dos por ciento de los sueldos que percibiera durante el mismo.

El hecho de que la ley impusiera al Auditor el deber de hacer las deducciones y no las hiciera, podrá justificar la disposición legislativa de 1925, la nueva oportunidad concedida al peticionario y a todos los funcionarios y empleados que se encontraran en las mismas condiciones, pero no la actuación del peticionario a partir de esa fecha.

De todos modos es lo cierto que cuando el peticionario solicitó su retiro y cuando la junta se lo concedió los abonos no se habían verificado, ajustándose el cómputo de la Junta a la realidad de los hechos y a la ley.

¿Tenía la junta el deber ministerial de reconsiderar su resolución al así solicitarlo el peticionario manifestándole que había resuelto acogerse a la sección 18 de la Ley núm. 104 de 1925 y estaba dispuesto a abonar las deducciones que debieron verificarse desde hacía más de siete u ocho años?

A nuestro juicio no lo tenía. Era ya demasiado tarde para hacer el reconocimiento. Si bien la ley de 1925 no fija expresamente la extensión del término durante el cual los funcionarios o empleados que no cumplieron con los deberes que les imponía la ley de 1923, tenían la nueva oportunidad de cumplirlos, a fin de disfrutar en su día de los beneficios que ello pudiera implicar, debe entenderse que el legislador tuvo en mente un término razonable. Y no es razonable en verdad aguardar siete u ocho años para hacer un abono de tal naturaleza, ni justo para el Fondo de Pensiones, pues los abonos deben hacerse cuanto antes a fin de que invertidos por la junta de acuerdo con la ley—Sec. 15—en bonos municipales, insulares o federales cuanto antes también comiencen a ganar intereses.

Convenimos en que la palabra "podrá" usada en una ley puede y debe concluirse que significa "deberá" en ciertas ocasiones, como cuando el estatuto impone un deber positivo en vez de conferir un poder discrecional—*U. S. ex rel. Stayton* v. *Paschall*, 9 F. (2d) 109—o cuando sea ello necesario

para dar efecto a la clara política e intención de la Legislatura—*Marshall* v. *Foote*, 252 P. 1075, 1077—pero ése no es aquí el caso. Aquí la clara intención de la Legislatura fué dar a los funcionarios y empleados una nueva oportunidad para acogerse a los beneficios de la ley íntegramente dentro de un término razonable y el peticionario la dejó pasar sin aprovecharla a su debido tiempo.

Si se estudia la ley en su totalidad se advierte en seguida que la Junta creada por la misma es un cuerpo al que se imponen deberes cuyo cumplimiento exige el ejercicio de discreción, siendo uno de ellos aquel que surge de la sección diez y ocho de la misma.

Este propio caso que consideramos demuestra cuán váriadas pueden ser las circunstancias que concurran en las peticiones que a la Junta se presenten. De ahí que la Legislatura dijera en la repetida sección 18 de la ley de que se trata, ''podrá concedérsele ese crédito'' en vez de ''deberá concedérsele ese crédito'' al funcionario o empleado que no hubiere contribuído al fondo de pensiones creado por la Ley núm. 22, de 1923, que desee se le dé crédito por el tiempo de servicios prestados desde el 1 de enero de 1924 hasta la vigencia de la Ley de 1925.

Existe el derecho al cómputo de servicios prestados, pero lo es cuando se ha cumplido previamente con la ley. Ésta exige deducciones a tiempo y concede una nueva oportunidad para verificar las no hechas en tiempo, correspondiendo a la junta la facultad de conceder el crédito de acuerdo con los hechos y la ley y las circunstancias que concurran. Y al así actuar la junta tiene que hacerlo siguiendo un método similar al que se sigue en las cortes de justicia para resolver los casos que se llevan por las partes ante ellas. No se trata de un simple deber ministerial. Se trata del ejercicio de discreción cuasi judicial. Véanse *Huyke* v. *Junta de Retiro*, 46 D.P.R. 209 en que la séc. 2 de la Ley núm. 104 de 1925 que aquí se invoca como la que reconoce el derecho fundamental que se sostiene que meramente con-

diciona la sección 18, fué interpretada y aplicada por la Junta de Retiro como no comprendiendo los servicios prestados por funcionarios no remunerados, interpretación y aplicación que fué aceptada como correcta por esta Corte Suprema de Justicia. Véanse además los casos de *Muñoz* v. *Ramos,* 39 D.P.R. 405; *Feliciano* v. *López,* 44 D.P.R. 937; *Font* v. *Junta de Retiro,* 48 D.P.R. 24, y *Padial v. Junta de Retiro,* 48 D.P.R. 640.

En tal virtud y no habiéndose demostrado abuso alguno de discreción por parte de la junta al negarse a reconsiderar su resolución de julio 19, 1933, *debe revocarse la sentencia recurrida y dictarse otra declarando sin lugar la petición, sin especial condenación de costas.*

El Juez Asociado Señor Wolf disintió.*