SOTERO PLUGUEZ, demandante y apelante, *v.* JUNTA DE RETIRO DE LOS FUNCIONARIOS Y EMPLEADOS PERMANENTES DEL GOBIERNO INSULAR, compuesta de MANUEL V. DOMENECH, CHARLES H. TERRY, JOSÉ G. LÓPEZ, DR. E. GARRIDO MORALES y PABLO L. SOSA, demandada y apelada.

Núm. 6975.—*Sometido:* Noviembre 17, 1936. *Resuelto:* Diciembre 8, 1936.

694

*Luis Tirado Géigel,* abogado del apelante; *Hon. Procurador General B. Fernández García* y *Luis Janer, Subprocurador,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

El peticionario ha interpuesto el presente recurso en contra de la sentencia de la Corte de Distrito de San Juan, negándose a expedir auto de *mandamus* dirigido a la Junta de Retiro de los Funcionarios y Empleados Permanentes del Gobierno Insular, ordenándole conceder al peticionario el beneficio de pensión por separación involuntaria del servicio, de acuerdo con las disposiciones de la sección 9 de la Ley núm. 104 de septiembre 2, 1925 (pág. 949), que lee así:

"Sección 9.—Si un funcionario o empleado de cuarenta o más años de edad, a quien esta Ley sea aplicable, después de haber servido por un período total no menor de quince años y antes de tener derecho al retiro, fuere separado involuntariamente por cualquier motivo, excepto destitución, del servicio civil clasificado o nó clasificado tendrá derecho a una pensión vitalicia anual igual al dos (2) por ciento del promedio ·de sus sueldos o compensaciones básicas anuales durante los siete últimos años de servicio computables, multiplicado por el número de años de servicios. Si un funcionario o empleado que recibe una pensión de acuerdo con las disposiciones de esta sección, retornase al servicio activo, su pensión cesará y él contribuirá otra vez al fondo de retiro de los funcionarios y empleados del Servicio Civil en la misma forma y en igual proporción en que lo hacía antes de ser separado del servicio. En la época de su subsiguiente retiro se le acreditarán los servicios prestados antes de su separación del Gobierno y los prestados después de haber vuelto al servicio activo."

Alega el peticionario que estuvo empleado en el servicio del Gobierno Insular, como capataz de carreteras, hasta el día 30 de junio de 1932, fecha en que cesó en el desempeño de dicho empleo, por haber sido éste suprimido o abolido al hacerse una reorganización del servicio mediante disposición administrativa del Departamento del Interior; y que hasta esa fecha, y en diferentes épocas, el peticionario había prestado al Gobierno Insular servicios de carácter permanente, durante un período de más de quince años.

En el mes de junio, 1932, encontrándose aún desempeñando el cargo de capataz, el peticionario presentó ante la Junta recurrida una solicitud de pensión, la que le fué denegada por el fundamento de que el peticionario ocupaba una plaza creada por el Comisionado del Interior, con sueldo a cargo de asignaciones englobadas, no consignado específicamente en el Presupuesto Insular, estando sujeto el incumbente al riesgo de supresión o abolición administrativa de tal plaza, no siendo por tanto de aplicación la Sección 9 de la Ley de Retiro, supra.

No existe disputa alguna en cuento a los hechos alegados en la petición. Y la única cuestión legal que debemos resolver es si de acuerdo con esos hechos el recurrente ha adquirido el derecho a percibir la pensión que solicita.

La pensión por separación involuntaria que provee la Ley de Retiro en su sección 9, supra, sólo puede concederse al "funcionario o empleado de cuarenta o más años de edad *a quien esta Ley sea aplicable,*" que fuere separado del servicio después de haber servido por un período total no menor de quince años.

La sección 1 de la citada Ley de Retiro, dispone:

"Sección 1.—Por la presente se establece el retiro de los *funcionarios y empleados permanentes* del Gobierno Insular de Puerto Rico. Esta Ley comprenderá a todos los funcionarios o empleados en el Servicio Civil clasificado y no clasificado del Gobierno Insular de Puerto Rico, con excepción de los jueces del Tribunal Supremo, los catedráticos de la Universidad de Puerto Rico, los profesores de ins-

trucción pública, los miembros de la Policía Insular y los empleados municipales.'' (Bastardillas nuestras.)

Es evidente que para poder tener derecho a la pensión que concede la Sección 9, supra, el solicitante de ella deberá tener más de cuarenta años de edad y deberá haber prestado servicios al Gobierno durante más de quince años. Deberá ser además *un funcionario o empleado permanente* del Gobierno Insular y como tal comprendido dentro del Servicio Civil, ya sea Clasificado o el No clasificado.

Está admitido en este caso que el peticionario tiene más de cuarenta años de edad, que ha sido empleado del Gobierno Insular por más de quince años y que fué separado del servicio por haber sido suprimido el puesto que ocupaba. No se ha establecido controversia alguna en cuanto a si el puesto de capataz de carreteras que ocupaba el peticionario está o no está comprendido en el Servicio Civil Clasificado. La única cuestión que se sometió a la resolución del tribunal inferior fué la de si el incumbente de dicho puesto era un *empleado permanente* del Gobierno Insular y como tal con derecho a la pensión provista por la ley. La resolución fué adversa al peticionario, sosteniéndose por la sentencia apelada el criterio sustentado por la Junta demandada.

Entendemos que existen otros requisitos o condiciones que el solicitante de una pensión debe cumplir, antes de que pueda exigir a la Junta de Retiro, como un deber ministerial, que le conceda la pensión que la ley dispone para beneficio de los empleados permanentes del Servicio Civil. Nos referimos al pago de las cuotas que los empleados comprendidos en la ley deben satisfacer y con las cuales se forma el Fondo de Retiro, destinado al pago de las pensiones.

Ni en la demanda interpuesta por el peticionario, ni en la estipulación suscrita por su abogado y por el de la Junta demandada, se hace constar el hecho de que el peticionario haya contribuído en manera alguna al ''Fondo de Retiro de Empleados del Servicio Civil de Puerto Rico'' creado

por las secciones 13 y 15 de la Ley núm. 104 de 2 de septiembre de 1925.

Somos de opinión que el hecho de haberse pagado las cuotas o el de su deducción por el Auditor de Puerto Rico, según lo dispone la sección 13, supra, es absolutamente esencial y necesario para que la acción que ha tratado de ejercitar el peticionario pueda prosperar.

Tampoco se ha hecho constar en la petición las respectivas fechas de las diferentes épocas o períodos de tiempo durante los cuales el peticionario alega haber servido al Gobierno y que en conjunto dan un total de más de quince años de servicios. Consideramos que la especificación de esas fechas es absolutamente necesaria para poder determinar si el peticionario tiene o no derecho a la pensión que solicita. La Ley núm. 22 de septiembre 22 de 1923 (Leyes de 1923 (2) pág. 157), que estableció el retiro de los funcionarios y empleados permanentes de El Pueblo de Puerto Rico, no es de carácter compulsorio. En ella se dispone expresamente (sección 1) que los empleados o funcionarios comprendidos en la ley, que empiecen a servir en o después del 1ro. de diciembre de 1923, podrán renunciar a sus beneficios dentro de los treinta días siguientes a la fecha de su nombramiento. Si no lo hicieren así, el Anditor de Puerto Rico procederá a hacer los descuentos dispuestos por la misma ley.

La ley ahora vigente, o sea la número 104 de 1925, dispone lo siguiente:

"Sección 18.—Al funcionario o empleado comprendido en esta Ley, que como tal no hubiese contribuído al fondo de pensiones creado por la Ley No. 22, de 1923, y que desee se le dé crédito por el tiempo de servicios prestados desde enero primero de 1924 hasta que empiece a regir esta Ley, podrá concedérsele ese crédito siempre que abonare al Fondo de Retiro el dos por ciento (2) de sus sueldos durante dicho período de tiempo; *Disponiéndose,* que la falta de ese pago no privará al funcionario o empleado comprendido en esta Ley, del crédito de sus servicios prestados con anterioridad al primero de enero de 1924."

Los autos ante nos no contienen dato alguno que pueda ayudarnos a resolver si el peticionario reclama crédito por servicios prestados por él durante el período de enero 1, 1924, hasta noviembre 30, 1925, o si dicho peticionario abonó al Fondo de Retiro el dos por ciento de los sueldos devengados por él durante el expresado período. El pago de ese dos por ciento es sin duda alguna una condición precedente al derecho a reclamar crédito por los servicios prestados durante ese tiempo. Y el peticionario no nos ha puesto en condiciones de poder resolver esta cuestión.

▆▆▆▆ Podríamos, tal vez, presumir que al peticionario le fueron descontadas de sus sueldos las cuotas para el Fondo de Retiro, por el período de tiempo cubierto por la Ley núm. 104 de 1925, o sea desde noviembre 30, 1925, hasta junio 30, 1932, por ser dicha ley de carácter compulsorio. Pero esa presunción no bastaría para probar el caso del peticionario, pues ese período de tiempo, que es el comprendido entre la fecha en que empezó a regir la ley y la fecha en que el peticionario cesó en su empleo, cubre solamente seis años y seis meses de los quince años que debe haber servido el solicitante de una pensión, para tener derecho a ella, según lo dispone la sección 9 de la Ley núm. 104, supra.

No podríamos en manera alguna presumir que el Auditor descontó al peticionario o que éste abonó al Fondo de Retiro, durante la vigencia de la Ley núm. 22 de 1923, el 2 por ciento de sus sueldos, de acuerdo con lo dispuesto por la sección 7 de dicha ley. Si el período de tiempo cubierto por dicha Ley núm. 22 de 1923, forma parte de o es necesario para completar los quince años de servicios prestados por el peticionario, éste debió alegar y probar que durante la vigencia de dicha ley él abonó o el Auditor le dedujo la cuota legal. Véase: *Pérez Almiroty* v. *Junta de Retiro*, 49 D.P.R. 522.

▆▆▆ Tampoco se ha alegado o probado la fecha del nombramiento original del peticionario, ni el período de tiempo durante el cual el peticionario prestó servicios con anterio-

ridad al primero de enero de 1924, con el fin de que pudiéramos determinar si ese período unido al de la vigencia de la Ley núm. 104 de 1925, es suficiente para completar los quince años de servicios ·que requiere la ley.

El Fondo de Retiro es un fondo creado por el Gobierno, para beneficio de sus empleados permanentes del Servicio Civil, a los cuales se les descuenta un tres por ciento (3%) de su sueldo o compensación básica. Ese fondo se dedica exclusivamente al pago de pensiones, y parece natural que esas pensiones sean concedidas solamente a aquellos empleados que contribuyeron con sus cuotas a crear y sostener el fondo común.

Nos inclinamos a convenir con el recurrente en que el empleo de que se trata en este caso es de carácter permanente y comprendido dentro del Servicio Civil Clasificado del Gobierno Insular. Y nos inclinaríamos a resolver que tiene derecho a la pensión que solicita, si se hubiesen llenado los requisitos que hemos señalado en el curso de esta opinión. Véanse: Ley de Servicio Civil, secciones 4 y 5; sección 13, Ley núm. 104 de 1925.

Si el peticionario ha contribuído con sus cuotas a formar y mantener el Fondo de Retiro, sería injusto privarle de los derechos que la ley concede a los que así lo hicieren. Pero sería también notoria injusticia permitir el disfrute de una pensión a una persona, si ésta no hubiere contribuído a la formación y sostenimiento de ese fondo formado y sostenido por las cuotas de los demás empleados públicos.

No nos ha colocado el apelante en condiciones que nos permitan dictar una sentencia con la absoluta y plena conciencia de que realizamos un acto de justicia. *Y no queriendo privar al peticionario de los derechos que pueda tener a participar del Fondo de Retiro, creemos que lo procedente es dejar sin efecto la sentencia recurrida y devolver el caso a la corte de donde procede, para los procedimientos ulteriores que fueren procedentes, concediéndose al peticionario el permiso necesario para que pueda enmendar*

700

*su petición, conformándola a los hechos que consideramos esenciales para el éxito de una reclamación de esta naturaleza, si le fuere posible hacerlo.*

El Juez Presidente Señor del Toro no intervino.